**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **MICHAEL JENSEN,** ) | **CASE NO. 1:09CV 2731** |
| ) | |
| Plaintiff, ) | **JUDGE CHRISTOPHER A. BOYKO** |
| ) | |
| vs. ) | **OPINION AND ORDER** |
| ) | |
| **AMS, INC., et al.,** ) | |
| ) | |
| Defendants. ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #27) of Defendant, John Greene, to Dismiss all claims against him as an individual pursuant to Fed. R. Civ. P. 12(b)(6). For the following reasons, the motion is granted.

**I. BACKGROUND**

On November 20, 2009, Plaintiff, Michael Jensen ("Jensen"), filed the captioned Complaint, alleging breach of a promissory note and unjust enrichment against AMS, Inc. ("AMS") and John Greene ("Greene"). The Complaint alleges Greene is the president and sole shareholder of AMS. Further, it alleges: "On March 12, 2004, John Greene, as President of AMS, Inc. borrowed $275,000 from Mr. Jensen." This alleged loan was evidenced by a promissory note, attached to the Complaint and incorporated as Exhibit "A". Jensen alleges AMS and Greene repaid $180,000 of the loan, but failed to pay the additional $95,000 plus interest due under the Note. Count I recites a claim for Breach of Promissory Note; and alleges Defendants, jointly and severally, owe the amounts remaining due under the terms of the Note.

In Count II, Jensen alleges Defendants have been unjustly enriched by their refusal to pay all sums due.

The Note, designated as Exhibit "A," is in the form of a letter addressed to Plaintiff Jensen from Greene, as president of AMS, and reads in substance as follows:

> This letter will memorialize the understanding that we reached when you loaned AMS, Inc. $275,000.00 in December 2003.  At that time, the loan was made keeping the terms of the repayment loose, and we have now agreed upon what those payment terms are.  We have agreed that I shall, upon you signing a copy of this letter, deliver to you $180,000.00 of the monies loaned to AMS, Inc. in December without interest.  The balance of $95,000.00 shall be paid to you twelve (12) months from [sic] date with interest from today at the rate of National City Bank's prime interest rate.  AMS, Inc. may prepay this balance in full or in part, at any time, without penalty.
> If this complies with your understanding, would you so sign on the bottom and return this to me and I will see that the $180,000.00 is forwarded to you.

At the bottom, above Jensen's signature, it reads: "The undersigned has read and approved the terms of the loan between Mike Jensen and AMS, Inc."

In his Motion to Dismiss, Greene contends the Complaint fails to state a claim against him individually, since he is not a party to the Note upon which Jensen's claims are based.  In his opposition, Jensen argues that "subsequent to executing the Note he suspected AMS, Inc. was not a valid corporate entity and that, if correct, Greene would be personally responsible for any liabilities AMS, Inc. incurred as a result of its acts."  (ECF DKT #29 at 1).[1]  Following his arguments, Jensen asserts: "Finally, should the Court find that Plaintiff's Complaint failed to

---

[1] Jensen submits affidavits of counsel and Jensen himself, which the Court has not taken into consideration.  The decision to exclude extra-pleading materials and to decline to convert the motion to one for summary judgment is entirely within the discretion of the trial court.  *Batt v. United States*, 976 F.Supp. 1095, 1096-97 (N.D.Ohio 1997).

meet the notice requirements of Fed. R. Civ. P. 8 ... then the appropriate course of action would be to allow Plaintiff's [sic] to amend the Complaint." *Id*. at 3.

## II. LAW AND ANALYSIS

### Standard of Review

A motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of the complaint and is granted when "accepting the allegations in the complaint as true and construing them liberally in favor of the plaintiff, the complaint fails to allege 'enough facts to state a claim for relief that is plausible on its face.'" *Ashmus v. Bay Vill. Sch. Dist. Bd. of Educ.,* 2007 U.S. Dist. LEXIS 62208 (N.D. Ohio 2007), *quoting Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).  Claims alleged in the complaint must be "plausible," not merely "conceivable." *Id.*  "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein. *Amini v. Oberlin Coll.,* 259 F.3d 493, 502 (6th Cir.2001).

Quite recently, the United States Supreme Court rendered its decision in *Ashcroft v. Iqbal*, ____ U.S. ____, 129 S.Ct. 1937 (2009). The Court, by Justice Kennedy, discussed *Twombly* and provided additional analysis of the motion to dismiss standard:

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an

entitlement to relief.
*Id.* at 1950.

The instant Complaint includes allegations against Greene, solely in his corporate capacity. The Note, attached as Exhibit "A," references an obligation of AMS, Inc.; is signed by Greene in his capacity as president of AMS, Inc.; and is acknowledged by Plaintiff Jensen as a loan between Mike Jensen and AMS, Inc. The Complaint contains no count for piercing the corporate veil, nor any factual allegations supporting a claim to disregard the corporate form. Moreover, there are no facts alleged for the contention that Greene signed the Note on behalf of a fictitious or non-existent entity, making him liable for the acts or omissions of that fictitious or non-existent corporation. The Complaint, even when read liberally, is insufficient to raise Jensen's right to relief against Greene above the mere speculative level. *Twombly*, 550 U.S. at 555.

As the Court noted previously, Jensen suggests in his Opposition Brief that, if the Court finds his Complaint falls short, then "the appropriate course of action would be to allow Plaintiff's [sic] to amend the Complaint." (ECF DKT #29 at 4). The Court will not permit Plaintiff Jensen to amend his Complaint because he has not moved for permission to do so. What Jensen "may have stated, almost as an aside, to the district court in a memorandum in opposition to the defendant's motion to dismiss is ... not a motion to amend." *Begala v. PNC Bank*, 214 F.3d 776, 784 (6th Cir.2000).

> Had plaintiffs filed a motion to amend the complaint prior to th[e] Court's consideration of the motions to dismiss and accompanied that motion with a memorandum identifying the proposed amendments, the Court would have considered the motions to dismiss in light of the proposed amendments to the complaint ... Absent such a motion, however, Defendant was entitled to a review of the complaint as filed pursuant to Rule 12(b)(6). *Plaintiffs were not entitled to an advisory opinion from the Court informing them of the deficiencies* of the

complaint and then an opportunity to cure those deficiencies. *Begala*, 214 F.3d at 784 (emphasis in original).

Likewise, this Court will not countenance Jensen's request to amend, hidden within an opposition brief; and will not permit an amendment to add entirely new claims of alter ego and piercing the corporate veil to support liability against the individual, John Greene. The suggestion that the District Court should "rescue" Jensen "by *sua sponte* offering leave to amend the complaint is simply misplaced." *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross and Blue Shield*, 552 F.3d 430, 438 (6th Cir.2008).

### III. CONCLUSION

For all the foregoing reasons, the Motion of Defendant John Greene to Dismiss all of the claims against him as an individual pursuant to Fed. R. Civ. P. 12(b)(6) is granted.

**IT IS SO ORDERED.**

**DATE: August 23, 2010**

        **s/Christopher A. Boyko**
        **CHRISTOPHER A. BOYKO**
        **United States District Judge**